PATERSON CONTRACTING COMPANY, PROSECUTOR, v. CITY OF HACKENSACK, THE HACKENSACK IMPROVEMENT COMMISSION AND G. DI NAPOLI & COMPANY, DEFENDANTS.

Submitted February 20, 1923—Decided March 8, 1923.

**Contracts—Municipal—Lowest Bid—Adequacy of Reason for Rejection—Method of Rejection.**

On *certiorari*. On rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Randal B. Lewis.*

For the defendants, *Wendell J. Wright.*

PER CURIAM.

The governing body of the city of Hackensack is the Hackensack Improvement Commission. This body advertised for proposals for the construction under one contract of certain sewers (the contract is referred to as contract No. 4). The bids or proposals were presented at a meeting of the commission held on October 16th, 1922. The Paterson Contracting Company presented a bid, regular as to form, which was the lowest bid. This bid was $140,382.70. G. Di Napoli & Company was the next lowest bidder. Their bid was $141,579.75. On November 6th, 1922, the contract was awarded to the G. Di Napoli & Company. The ground for making the award to G. Di Napoli & Company and rejecting the bid of the Paterson Contracting Company was a specific finding that the Paterson Contracting Company had not demonstrated that it had sufficient experience in the character of the work involved, sufficient capital or financial backing, and proper office facilities, including means for quick communication (telephone) to properly execute the contract.

This result was reached without having given to the Paterson Contracting Company a hearing as was determined by Mr. Justice Parker, sitting alone, in *certiorari* proceedings under the statute. The award was set aside by Mr. Justice Parker for the reason that no hearing had been given to the Paterson Contracting Company.

The record discloses that after this decision was rendered the commission passed a resolution fixing January 23d, 1923, as the date for a hearing on the subject of the responsibility of the Paterson Contracting Company. Notice of the hearing was duly given. The company appeared by counsel. Its president, Mr. Maggi, testified that he had had experience in sewer work, acting as superintendent or assistant superintendent, since 1915; that he had done trunk sewer work and deep sewer work; that he or the Paterson Contracting Company had constructed some twelve sewers for the city of Paterson. He presented a letter (admitted without objection) from the city engineer of Paterson to the effect that the wo.k of the Paterson Contracting Company had been entirely satisfactory, and that in his opinion it could handle any sewer work satisfactorily.

A letter from the county engineer of Passaic county to the same effect was produced by Mr. Maggi. He further testified that his company had the necessary machinery for the work except one machine (Moore Trench Machine) which he had made arrangements to get. He offered evidence that the Maryland Casualty Company would give the surety bond to accompany the contract. He also testified that the Paterson Contracting Company had between $15,000 and $16,000 in cash, and could raise from its quick assets between $20,000 and $30,000 additional, if necessary, in a week. It was proven that there was telephone communication with the company through a telephone in the name of one of its officers, and further telephone service was offered. Mr. Mariono, secretary and treasurer of the company, testified that he had resources of $50,000 which he was willing to pledge to finance the project. There was other evidence offered by the com-

pany which was cumulative. The commission offered no witnesses. The engineer of the commission had been called by the Paterson Contracting Company as a witness but his cross-examination shows no technical, practical or financial inability on the part of the Paterson Contracting Company to perform the contract.

Immediately after the testimony was taken the commission passed a resolution previously prepared rejecting the bid of the Paterson Contracting Company upon the ground previously mentioned and awarding the contract to G. Di Napoli & Company. A rule to show cause why a writ of *certiorari* to review this award should not be issued was allowed by Mr. Justice Parker. This matter is before us under this rule. We think the evidence justifies the allowance of a writ. A writ of *certiorari* is allowed and may be presented forthwith to this court for allowance.